UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60184-CR-HURLEY/HOPKINS

UNITED STATES OF AMERICA

vs.

FELICIA HOWARD,

Defendant.
_____/

FILED by _____ D.C.

OCT 26 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and defendant FELICIA HOWARD (hereinafter referred to as the defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count1 of the Indictment which charges her with Theft of Mail by a Postal Employee, in violation of Title 18, United States Code, Section 1709.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court

is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant also understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.      This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the

3

recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/26/16

By: _____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

Date: 10/26/16

By: _____
PETER BIRCH, AFPD
ATTORNEY FOR DEFENDANT

Date: 10/26/16

By: _____
FELICIA HOWARD
DEFENDANT

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60184-CR-HURLEY/HOPKINS

UNITED STATES OF AMERICA

vs.

FELICIA HOWARD,

    Defendant.

_____/



FILED by HAM D.C.

OCT 26 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### **FACTUAL PROFFER IN SUPPORT OF PLEA AGREEMENT**

If this case were to proceed to trial, the United States would prove beyond a reasonable doubt that:

U.S. Postal Inspectors were notified by a Wells Fargo Financial Crimes investigator that between October 2015 and December 2015, FELICIA HOWARD, who had a bank account at Wells Fargo, had deposited thousands of dollars' worth of checks, not written to her, into her bank account. The investigator reviewed HOWARD's bank account application and learned that she was employed as a mail carrier with the U.S. Postal Service. Further investigation into the checks revealed that all of them had been reported lost or stolen in the mail.

Postal Inspectors determined that all of the checks originated in, or were mailed to, ZIP Codes 33306 and 33308. They were able to determine that at least 14 checks, totaling approximately $14,419 had been fraudulently deposited into HOWARD's bank account. The two ZIP codes where the checks came from are on HOWARD's postal route.

Further investigation revealed numerous checks were deposited into HOWARD's Wells Fargo account. The checks were deposited without permission or authorization from the sender. None of the checks were written to "FELICIA HOWARD". All of the checks were deposited into

HOWARD's Wells Fargo bank account via ATM. All of the checks were sent in envelopes to or from postal routes where HOWARD worked.

There are numerous surveillance photographs of HOWARD making those deposits at the ATM, or of her car parked at the ATM. The surveillance photographs clearly show a 2003 Nissan Maxima, which is the car registered to HOWARD. Although the quality of the surveillance photograph is not great, HOWARD admits that she is in the photographs. HOWARD would make the deposits along with her boyfriend and later withdraw the funds.

On April 14, 2016, HOWARD gave a statement to Special Agent Eugene Davis, USPS-OIG. In that statement HOWARD admitted that she took the checks from mail on her route. She admitted that the surveillance photographs showed her and her car. She admitted that she withdrew and spent over $8,000 of the $14,000 that was fraudulently deposited into her bank account. Wells Fargo held the other money and did not allow full withdrawal of the deposit.

These events occurred in Broward County in the Southern District of Florida and elsewhere.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/26/16

By: _____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

Date: 10/26/16

By: _____
PETER BIRCH, AFPD
ATTORNEY FOR DEFENDANT

Date: 10/26/16

By: _____
FELICIA HOWARD
DEFENDANT

2